**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| SONDRA HUBBARD and SHAYNE HUBBARD, Individually and as the Personal Representatives of the Estate of DAYMON HUBBARD, Deceased, | ) ) ) ) |
| Plaintiffs, | ) Cause No. 4:24-cv-00103 ) ) |
| v. | ) ) |
| THE CITY OF BEDFORD, INDIANA, OFFICER BRENT THOMPKINS, OFFICER NICK CRULO, OFFICER CLAY BLACKBURN, and SERGEANT TOBY GERKIN, | ) ) ) ) ) ) |
| Defendants. | ) |

<u>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS</u>

**COMES NOW**, Plaintiffs Sondra Hubbard and Shayne Hubbard, Individually and as the Personal Representatives of the Estate of Daymon Hubbard, Deceased, by counsel, Andrea L. Ciobanu of CIOBANU LAW, P.C., complaining of Defendants City of Bedford, Indiana, Officer Brent Thompkins, Officer Nick Crulo, Officer Clay Blackburn, and Seargent Toby Gerkin and states to this Court as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this action under 28. U.S.C. § 1331 and by 42 U.S.C. § 1983.

2. Venue is proper under 28 U.S.C. § 1391 in that the claim alleged herein arose in Lawrence County, Indiana within the Southern District of Indiana.

1

## THE PARTIES

3. Plaintiff Sondra Hubbard, Individually and as the Personal Representative of the Estate of Daymon Hubbard, Deceased (hereinafter "Sondra") is an individual and currently resides in Lawrence County, Indiana.

4. Sondra is the mother of Daymon Hubbard (hereinafter "Daymon").

5. Plaintiff Shayne Hubbard, Individually and as the Personal Representative of the Estate of Daymon Hubbard, Deceased (hereinafter "Shayne") is an individual and currently resides in Lawrence County, Indiana.

6. Shayne is the brother of Daymon.

7. On August 2, 2024, Sondra and Shayne were appointed the personal representatives of Daymon's Estate.

8. Sondra and Shayne may hereinafter be collectively referred to as "Plaintiffs".

9. Defendant City of Bedford, Indiana (hereinafter "Bedford") is a municipal government entity located in Lawrence County, Indiana, which maintains and operates the Bedford Police Department (hereinafter "BPD").

10. At all relevant times, Defendant Officer Brent Thompkins (hereinafter "Officer Thompkins") was employed with Bedford as a police officer with BPD.

11. At all relevant times, Defendant Officer Nick Crulo (hereinafter "Officer Crulo") was employed with Bedford as a police officer with BPD.

12. At all relevant times, Defendant Officer Clay Blackburn (hereinafter "Officer Blackburn") was employed with Bedford as a police officer with BPD.

13. At all relevant times, Defendant Sergeant Toby Gerkin (hereinafter "Sgt. Gerkin") was employed with Bedford as a sergeant with BPD

14. All Defendants may collectively be referred to as "Defendants."

## FACTUAL ALLEGATIONS

15. At all relevant times, Daymon was diagnosed with bipolar disorder.

16. On September 28, 2023, Daymon suffered a bipolar episode, during which time, Sondra went to BPD for assistance.

17. Sondra explained Daymon's behavior to BPD employees, with the knowledge that Daymon's behavior was due to his disorder.

18. Sondra hoped that the support of law enforcement would help calm Daymon.

19. The responding officer informed Sondra that BPD would accompany her to retrieve her belongings, a course of action different from what Sondra had requested.

20. Despite this, Sondra agreed to BPD's proposed assistance.

21. Defendants were then dispatched to Daymon's residence.

22. Defendants parked their vehicles on Western Ave., one house south of Daymon's residence and then entered Daymon's backyard to look for Daymon.

23. Daymon was not initially present at the residence upon Defendants' arrival but arrived soon thereafter.

24. Upon information and belief, Defendants knew that Daymon was not suspected of having committed any crimes before his arrival at the residence.

25. After passing Defendants' parked vehicles, Daymon pulled his vehicle into the driveway of his residence and parked in the backyard.

26. Upon making contact with Daymon, Defendants made no effort to de-escalate the situation, but instead immediately began yelling at Daymon to exit his vehicle while holding him at gunpoint.

27. Daymon was unarmed.

28. Daymon did not brandish any firearms or other weapons.

29. Daymon then began to drive back towards the front driveway.

30. Defendants then initiated a brief pursuit of Daymon.

31. During the brief pursuit, Defendants rammed their vehicle into Daymon's vehicle multiple times.

32. Officer Thompkins, Officer Crulo, and Officer Blackburn then fired multiple shots at Daymon, striking him in the head, torso, and chest, resulting in his death.

33. Officer Thompkins, Officer Crulo, and Officer Blackburn shot Daymon at least eight times.

34. Sgt. Gerkin made no effort to stop Officer Thompkins, Officer Crulo, and Officer Blackburn from ramming their vehicles into Daymon's vehicle.

35. Sgt. Gerkin made no effort to stop Officer Thompkins, Officer Crulo, and Officer Blackburn from firing their firearms at Daymon.

36. Daymon did not place Defendants or any other individual in the immediate vicinity in imminent danger of death or serious bodily injury.

37. During the brief pursuit, Daymon never exited his property and died on his residential property.

38. Daymon's death was a direct result of Defendants' wrongful acts and omissions.

39. As a result of Defendants' actions, Plaintiffs suffered economic and non-economic damages, including lost wages, physical injuries, and emotional distress.

## COUNT I: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Bedford)

40. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2).

41. At all relevant times, Officer Thompkins, Officer Crulo, and Officer Blackburn were acting within the scope of their employment with Bedford as police officers with BPD.

42. During the above-described incident, Officer Thompkins, Officer Crulo, and Officer Blackburn used force against Daymon that was both unnecessary and excessive.

43. Officer Thompkins, Officer Crulo, and Officer Blackburn acted with malice and intent when they used excessive force against Daymon by shooting him with their firearms, resulting in Daymon's death.

44. Defendants' actions constituted extreme and outrageous conduct that constitutes intentional or reckless severe emotional harm to Plaintiffs.

## COUNT II: BATTERY

### (Bedford)

45. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2).

46. At all relevant times, Officer Thompkins, Officer Crulo, and Officer Blackburn were acting within the scope of their employment with Bedford as police officers with BPD.

47. During the above-described incident, Officer Thompkins, Officer Crulo, and Officer Blackburn used force against Daymon that was both unnecessary and excessive.

48. Officer Thompkins, Officer Crulo, and Officer Blackburn acted with malice and intent when they used excessive force against Daymon by shooting with their firearms, resulting in Daymon's death.

49. Officer Thompkins, Officer Crulo, and Officer Blackburn intentionally touched Daymon in a harmful and offensive manner, without Daymon's consent.

50. Officer Thompkins, Officer Crulo, and Officer Blackburn touched Daymon in a rude, insolent, and angry manner, without any justification or permission when they shot Daymon eight times, resulting in Daymon's death.

51. As a result of Defendants' actions, Plaintiffs suffered economic and non-economic damages, including physical injuries and emotional distress.

## COUNT III: WRONGFUL DEATH

### (Bedford)

52. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2).

53. At all relevant times, Officer Thompkins, Officer Crulo, Officer Blackburn, and Sgt. Gerkin were acting within the scope of their employment with Bedford.

54. Officer Thompkins, Officer Crulo, and Officer Blackburn acted with malice and intent when they used excessive force against Daymon by shooting him with their firearms upward of eight times, resulting in Daymon's death.

6

55. Sgt. Gerkin acted with malice and intent when he failed to intervene and prevent Officer Thompkins, Officer Crulo, and Officer Blackburn from using excessive force against Daymon, resulting in Daymon's death.

56. Defendants' actions resulted in Daymon's wrongful death.

57. As a result of Defendants' actions, Plaintiffs suffered economic and non-economic damages, including physical injuries and emotional distress.

## COUNT IV: FOURTH AMENDMENT –EXCESSIVE FORCE

**(Officer Thompkins, Officer Crulo, and Officer Blackburn in their individual capacities)**

58. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2).

59. The Fourth Amendment provides that people shall be secure in their persons against the use of excessive force.

60. At all relevant times, Officer Thompkins, Officer Crulo, and Officer Blackburn were acting within the scope of their employment with Bedford, while on duty, and under color of state law, as police officers with BPD.

61. Officer Thompkins, Officer Crulo, and Officer Blackburn's actions and omissions in using excessive force against Daymon constituted a violation and deprivation of Daymon's rights under the Fourth Amendment.

62. Officer Thompkins, Officer Crulo, and Officer Blackburn used force against Daymon that was unnecessary, excessive, and not reasonably connected to any legitimate law enforcement purpose.

63. Daymon did not place Defendants or any other individual in the immediate vicinity in imminent danger of death or serious bodily injury.

64. Officer Thompkins, Officer Crulo, and Officer Blackburn acted with malice and intent when they used excessive force against Daymon by shooting him with their firearms at least eight times, resulting in Daymon's death.

65. Officer Thompkins, Officer Crulo, and Officer Blackburn knew, or should have known, that their acts and/or omissions would likely result in a violation of Daymon's Fourth Amendment rights.

66. As a result of Defendants' actions, Plaintiffs suffered economic and non-economic damages, including physical injuries and emotional distress.

### COUNT V: FOURTH AMENDMENT – FAILURE TO INTERVENE TO PREVENT EXCESSIVE FORCE

#### (Sgt. Gerkin in his individual capacity)

67. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2).

68. The Fourth Amendment provides that people shall be secure in their persons against the use of excessive force.

69. At all relevant times, Sgt. Gerkin was acting within the scope of his employment with Bedford, while on duty, and under color of law, as a police officers with BPD.

70. Officer Thompkins, Officer Crulo, and Officer Blackburn's actions and omissions in using excessive force against Daymon constituted a violation and deprivation of Daymon's rights under the Fourth Amendment.

8

71. During the course of the incident, Officer Thompkins, Officer Crulo, and Officer Blackburn used force against Daymon that was unnecessary, excessive, and not reasonably connected to any legitimate law enforcement purpose.

72. Sgt. Gerkin knew, or should have known, that Officer Thompkins, Officer Crulo, and Officer Blackburn's shooting of Daymon would likely result in a violation of Daymon's Fourth Amendment rights against the use of excessive force.

73. Sgt. Gerkin had a reasonable opportunity to prevent Officer Thompkins, Officer Crulo, and Officer Blackburn from shooting Daymon.

74. Despite this, Sgt. Gerkin failed to intervene and prevent Officer Thompkins, Officer Crulo, and Officer Blackburn from shooting and using excessive force against Daymon.

75. As a result of Defendants' actions, Plaintiffs suffered economic and non-economic damages, including physical injuries and emotional distress

### PRAYER FOR RELIEF

Plaintiffs pray that a judgement be entered on their behalf and against the Defendants on all Counts of this Complaint.

### RESERVATION OF RIGHTS

Plaintiffs reserve the right to proceed with any and all claims which the facts averred in this complaint support, pursuant to the notice pleading requirement of F.R.C.P. 8.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment in favor of him on all counts of his Complaint, award him compensatory damages and punitive damages as well as litigation costs, and grant him such other and further relief as this Court deems just under the circumstances, including, but not limited to, a public apology, attorney's fees, and pre and post-judgment interest.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all issues so triable.

Date: August 5, 2024

Respectfully submitted,

s/ Andrea L. Ciobanu_____
Andrea L. Ciobanu, #28942-49
CIOBANU LAW, P.C.
902 E. 66th Street
Indianapolis, IN 46220
Phone: (317) 495-1090
Fax: (866) 841-2071
Email: aciobanu@ciobanulaw.com