UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

SONDRA HUBBARD Personal Representative of  )
the Estate of Daymon Hubbard, Deceased,          )
SHAYNE HUBBARD Personal Representative of  )
the Estate of Daymon Hubbard, Deceased,          )
RYLEE SPALL as the Personal Representative of )
the Estate of DAYMON HUBBARD, Deceased,    )
ELIJAH HUBBARD,                                                 )
OWEN HUBBARD,                                                  )
                                                                              )
                              Plaintiffs,                                 )
                                                                              )
              v.                                                             )   Case No. 4:24-cv-00103-TWP-KMB
                                                                              )
THE CITY OF BEDFORD, INDIANA,                     )
BRENT THOMPKINS Officer,                               )
NICK CRULO Officer,                                           )
CLAY BLACKBURN Officer,                                 )
TOBY GERKIN Sergeant,                                      )
                                                                              )
                              Defendants.                            )

**ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

This matter is before the Court on Defendants City of Bedford, Indiana (the "City"), Brent Thompkins ("Officer Thompkins"), Nick Crulo ("Officer Nick Crulo"), Clay Blackburn ("Officer Blackburn"), and Toby Gerkin ("Sergeant Gerkin") (collectively, "the Defendants") Partial Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (Filing No. 21). Plaintiffs Sondra Hubbard, Shayne Hubbard ("Shayne"), and Rylee Spall ("Spall"), as the Personal Representatives of the Estate of Daymon Hubbard ("Hubbard"), deceased, Elijah Hubbard ("Elijah"), and Owen Hubbard ("Owen") (collectively, "Plaintiffs") filed an Amended Complaint on October 4, 2024, alleging a 1983 Fourth Amendment claim for excessive force as well as a wrongful death claim under Indiana law against the City (Filing No. 17). Defendants seek

dismissal of Elijah and Owen as party Plaintiffs, dismissal of Count One and of certain claims. For the following reasons, the Court **grants** in part and **denies** in part the Partial Motion to Dismiss.

## I.  BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Plaintiffs as the non-moving parties. *See Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

On September 28, 2023, Hubbard, who was previously diagnosed with bipolar disorder, suffered a bipolar episode (Filing No. 17 ¶¶ 21–22). His mother, Sondra Hubbard, called the Bedford Police Department ("BPD"), described his behavior, and explained that she believed Hubbard's behavior was due to a mental health episode, possibly schizophrenia. *Id.* ¶¶ 24–25. Sondra Hubbard hoped that support from BPD would help calm Hubbard. *Id.* ¶ 26. BPD knew of Hubbard's mental health issues from previous interactions and did not suspect Hubbard of committing crimes on the date of the incident. *Id.* ¶¶ 26, 32.

Officer Thompkins, Officer Crulo, and Officer Blackburn, and Sergeant Gerkin (Defendant Officers"), all employees of BPD, were dispatched to Hubbard's residence. *Id.* ¶¶ 16–19, 29. Hubbard was not present when officers arrived. *Id.* ¶ 30. Soon after, Hubbard pulled into his driveway and parked in the backyard. *Id.* ¶ 33. Hubbard was unarmed and did not brandish any firearms or other weapons. *Id.* ¶¶ 35–36. Without attempting de-escalation tactics, Defendant Officers immediately began yelling at Hubbard to exit his vehicle while holding him at gunpoint. *Id.* ¶ 34. Hubbard then drove back towards the front of his property and Defendant Officers initiated a brief pursuit before ramming their vehicle into Hubbard's vehicle. *Id.* ¶¶ 37–39. Defendant Officers then shot Hubbard at least eight times striking him in the head, torso, and chest, which led to his death. *Id.* ¶¶ 40–41.

Following Hubbard's death, his mother, Sondra Hubbard; daughter, Spall; and brother Shayne, were appointed as co-personal representatives of Hubbard's estate (collectively, "Personal Representatives"). *Id.* ¶¶ 3–10. The order appointing the Personal Representatives authorizes the Personal Representatives to bring suit ([Filing No. 21-4](Filing No. 21-4)). The Personal Representatives, as well as Hubbard's dependent children, Elijah and Owen, filed the Amended Complaint alleging that the Defendant Officers and Sgt. Gerkin violated Hubbard's federal civil rights under the Fourth Amendment and that the City is liable for Hubbard's wrongful death ([Filing No. 17](Filing No. 17)). Defendants seek partial dismissal of the Amended Complaint.

## II.     LEGAL STANDARD

### A.     Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the

3

grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**B.**     **Motions to Strike**

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may act: (1) on its own; or (2) on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. *Id.* Motions to strike are generally disfavored; however, "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

### III.     DISCUSSION

The Amended Complaint brings the following claims: Count One: Wrongful Death (Bedford); Count Two: Fourth Amendment Excessive Force (Officer Thompkins, Officer Crulo, and Officer Blackburn in their individual capacities); and Count Three: Fourth Amendment – Failure to Intervene to Prevent Excessive Force (Sgt. Gerkin in his individual capacity) (Filing No. 17 at 6-9). In their Partial Motion to Dismiss, the Defendants ask the Court to dismiss Elijah and Owen as party Plaintiffs, dismiss Plaintiffs' claims for damages beyond those available under the Adult Wrongful Death Act for lack of standing, strike Count One as redundant, and dismiss the City as a defendant because there are no *Monell* contentions (Filing No. 22 at 8). The Court will address each argument in turn.

4

A.  **Elijah and Owen as Party Plaintiffs'**

Indiana law governs who may bring a claim on behalf of an estate and in a wrongful death case that is the personal representative. *See* Ind. Code § 34-1-1-2. Defendants argue that because Elijah and Owen—named as individual Plaintiffs—"are apparently adult, dependent children" of Hubbard, "but neither is a Personal Representative of Daymon Hubbard's estate," they should be dismissed as party Plaintiffs in this action (Filing No. 22 at 3). In their Response brief, Plaintiffs relinquish Elijah and Owen Hubbard as plaintiffs to this cause of action, but do not concede any damages in connection with Elijah and Owen being dependents of Hubbard (Filing No. 27 at 6). Accordingly, the request to dismiss Elijah and Owen as party plaintiffs is **granted**.

B.  **Personal Representatives Standing to Pursue Wrongful Death Claim**

Defendants argue that Plaintiffs as Personal Representatives sought and were appointed to bring suit only under the Adult Wrongful Death Statute ("AWDS") (Ind. Code § 34-23-1-2) which governs actions for the wrongful death of unmarried adult persons with no dependents (Filing No. 22 at 5–6). Specifically, they argue that Plaintiffs seek to recover damages for dependents, but only the General Wrongful Death Statute ("GWDS") (Ind. Code § 34-23-1-1) governs damages for dependent children, and because Plaintiffs only have standing to pursue matters for which they were appointed, they do not have standing to pursue damages under the GWDS. *Id.* at 6. Defendants ask the Court to dismiss the wrongful death claims seeking damages beyond those available under the AWDS.[1] *Id.* at 8.

Plaintiffs respond that Defendants base most of their argument on the wording of the order appointing them Personal Representatives (Filing No. 27 at 7). They maintain that the Order

---

[1] Defendants' Partial Motion to Dismiss did not raise—and thus the Court does not address—the question of whether there is conflict between Section 1983 and recovery under the wrongful death statutes. The Court understands Defendants' argument to be limited to Plaintiffs' standing to bring the wrongful death claim under the GWDS rather than the AWDS. The Order Appointing Personal Representatives is unambiguous in giving Plaintiffs' authority to bring an action under Section 1983 (Filing No. 21-4).

5

Appointing Personal Representatives explicitly permits Plaintiffs to pursue damages under Section 1983 in addition to Indiana's Wrongful Death Act. *Id.* Plaintiffs argue that because Owen and Elijah were dependent children of Hubbard at the time of his death, Indiana enables recovery which may include damages for loss to children of their parents' care and that the GWDS expressly provides damages for reasonable medical, hospital, funeral, and burial expenses, and lost earnings. *Id.* at 11–12.

The Court disagrees with Defendants contentions. The Letters of Administration issued authorize Plaintiffs to investigate and collect wrongful death damages generally and Plaintiffs allege that Hubbard had dependent children at the time of his death.

The order appointing the Personal Representatives states,

> Sondra Hubbard, Shayne Hubbard, and Rylee Spall are appointed Co-Personal Representatives of the Estate of Daymon Hubbard, Deceased for the sole purpose of bringing an action concerning the Decedent's alleged wrongful death under the Adult Wrongful Death Act and 42 U.S.C. § 1983.
>
> Letters of Administration shall be issued to Sondra Hubbard, Shayne Hubbard, and Rylee Spall on their taking the oath required by law.
>
> The Letters of Administration shall reflect that the administration is for the sole purpose of investigation and collecting damages for the wrongful death of the Decedent.

(Filing No. 21-4)

The standard of review at this stage requires that the Court resolve ambiguities and draw reasonable inferences in favor of Plaintiffs. Further, any ambiguity in the order is diminished by the Letters of Administration issued which are "conclusive evidence of authority." Ind. Code. § 29-1-10-4. Here, the Personal Representatives are authorized "for the sole purpose of investigating and collecting damages for the wrongful death of the Decedent"— and there is no limitation to the AWDS. *See* Letters of Administration, *In Re: Est. of Daymon Hubbard*, No. 47C01-2408-ES-000083 (Lawrence Cir. Ct. September 30, 2024).

Defendants rely on *South v. White River Farm Bureau Cooperative*, 639 N.E.2d 671 (Ind. Ct. App. 1994), to support their argument that the Personal Representatives exceeded their authority. There, the order granting authority to bring a wrongful death suit provided a specific party and the special administrator exceeded her authority when she sued a different party. *South* is not applicable to the facts here because the Letters of Administration do not limit the Personal Representatives to sue a particular party or to bring suit under a particular statute. The *South* court noted that if the special representative desired to pursue other parties, she could petition the probate court for further authority. Plaintiffs here, are free to do so to resolve any ambiguity about the statutory authority alleged in their petition. However, at this stage of litigation, drawing all reasonable inferences in favor of Plaintiffs, the Court finds that the language in the Order Appointing Personal Representatives and the Letters of Administration authorize the Personal Representatives to bring a wrongful death claim against the City, not limited to damages under the AWDS.

There is no citation to a particular statute in Count One of the Amended Complaint: Wrongful death is alleged generally (Filing No. 17 ¶ 58). But the question of whether Hubbard died with dependents is important to evaluate the wrongful death claim because the determination of dependency controls which statute (the GWDS or the AWDS) applies. *See Est. of Sears v. Griffin*, 771 N.E.2d 1136, 1138–39 (Ind. 2022). The Indiana Supreme Court held that for wrongful death actions "proof of dependency must show a need or necessity of support on the part of the person alleged to be dependent . . . coupled with the contribution to such support by the deceased." *New York Cent. R.R. Co. v. Johnson*, 127 N.E.2d 603, 607 (Ind. 1955). Plaintiffs allege that Owen and Elijah Hubbard were dependent children of Hubbard at the time of his death (Filing No. 17 ¶ 13). While Plaintiffs must prove at least partial dependency under the standard to recover

under the GWDS (*see Sears*, 771 N.E.2d at 1139), at this stage the Court must accept Plaintiffs' factual allegations of dependency as true.

Because the personal representative Plaintiffs did not exceed their authority as Personal Representatives and the Amended Complaint alleged dependent children, the Partial Motion to Dismiss is **denied** as to lack of standing to recover under the GWDS.

C.      **Count One for Wrongful Death**

Defendants argue that Count One should be dismissed or stricken as redundant to Counts Two and Three (Filing No. 22 at 7). Alternatively, they request that the Court order the Plaintiffs to clarify how Count One differs from Count Two. The Court declines to do either.

Count One is not redundant. It is a distinct cause of action under Indiana state law which provides for separate damages against a unique party (Filing No. 27 at 11). The Amended Complaint clearly separates the requests for damages and provides fair notice of what claims are made against whom. *Id.* at 12. Contrary to Defendants' assertions otherwise, the Court is confident in its ability to conduct orderly litigation and in Defendants' ability to file a responsive pleading (Filing No. 22 at 7). Accordingly, the Court **denies** the request to dismiss Count One and will not require that Plaintiffs provide a more definite statement.

D.      **Claim Against the City**

Finally, Defendants submit that the City should be dismissed because Plaintiff's have not alleged a *Monnell* claim and there is no remaining state law claim brought by the Plaintiffs (Filing No. 22 at 8). Defendants point out that unlike Indiana state law, it is well established that there is no *respondeat superior* liability under Section 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Accordingly, to allege a Section 1983 claim against a municipality under *Monell*, a plaintiff must plead not only that her rights were violated but also that the municipal defendant was the "moving force" behind her constitutional injury. *Id*. at 691-95.

In response, Plaintiffs assert that their state law wrongful death claim must be made against the City because Defendant Officers and Sgt. Gerkin are alleged to have been government employees acting within the scope of their employment with the City (Filing No. 27 at 12–13). It is apparent that Plaintiffs are not pursuing a *Monell* claim, rather their claim against the City is based solely on their state law wrongful death claim. Because the Court denied the motion to strike Count One and because a state law claim remains pending, the request to dismiss the City is **denied**.

### IV. CONCLUSION

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). For the reasons discussed above, the Defendants' Partial Motion to Dismiss (Filing No. 22) is **GRANTED in part and DENIED in part**. The Motion is **granted** in that Plaintiffs Elijah and Owen are dismissed as named parties. In all other respects, the Plaintiffs have survived the initial hurdle of a Motion to Dismiss. Whether these claims can survive summary judgment is a matter for another day.

The **clerk is directed** to terminate Elijah Hubbard and Owen Hubbard as Plaintiffs on the docket.

**SO ORDERED.**

Date: 7/11/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Alex Maurice Beeman
Reminger Co. LPA
abeeman@reminger.com

Deiona Camargo
Reminger Co LPA
dcamargo@reminger.com

Andrea Lynn Ciobanu
CIOBANU LAW, PC
aciobanu@ciobanulaw.com

Andrew Aaron Haughey
Reminger Co., LPA
ahaughey@reminger.com